FASSETT et al. *v.* RUARK et al.

Where a bill of lading is executed for certain cases of *domestics*, with particular marks and numbers, the words "*contents unknown*" being written above the signature to the bill of lading, and one of the cases is not delivered, the shipper, on proving that the lost case contained silk goods and not domestics, may recover the value of its contents from the owners of the vessel, where the misdescription was not intended to impose on the carrier, and it is not pretended that a higher freight would have been charged had its contents been known, nor that a knowledge of the real contents of the case would have induced greater watchfullness on the part of the carrier. It would be otherwise, had the misdescription injuriously affected the rights of the carrier; in such a case, the consequences should fall upon the party making it, though innocently.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Conklin*, for the plaintiffs.

*J.*, and *H. H. Strawbridge*, for the appellants. A bill of lading cannot be contradicted by parol evidence.   2 Phill. on Ev. 432, 435, 441 (ed. of 1816). 3 Starkie, part 4, p. 998 to 1012.   11 Mass. 27, 32.   8 Mart. 206.   C. C. 2256.   Code Nap. 281, 283.   Pardessus, part 4, tit. 4, no. 724.   Boulay Paty, v. 2, p. 300, 306–7, 408, 411.   Delaporte's Comm. on the Code de Commerce, book 2, tit. 7, p. 19; lib. 6, v. 3, sec. 14, p. 507; v. 1, ch. 1, sec. 6 (old ed.) p. 17.   Merlin, *verbo* Connaissement.   Jacobsen's Sea Laws, b. 3, p. 172.   Ord. of Bilbao, 24, 45, 47.   Marcadé, v. 4, b. 3, p. 420 (ed. 1846).   Code de Comm., tit. Assurances, art. 348.   Boudousquie, Assurance, nos. 101 to 117.   Kent's Comm. v. 3, part 5, sec. 48, p. 282.   Pardessus, v. 3, part 3, tit. 5, ch. 1, sec. 2, no. 812.   Domat, b. 1, tit. 7, ss. 2, 3.   Story on Bailments, s. 75 to 79, 554, 565, 566, and notes.   Casaregis, Disc. 10, nos. 56, 57.   1 Term R. 28.   Bell's Comm. on Merc. and Scot. Law, v. 1, p. 1, p. 544.   Leporte, " Le Nouveau Valin," tit. 7, p. 207 (ed. 1809.)

The judgment of the court was pronounced by

SLIDELL, J.   The plaintiffs claim the value of a case of silk handkerchiefs, shipped in the defendants' vessel, and which were not delivered to the consignees.   The material facts are as follows:

*Fisher, Miller & Co.* sold to the plaintiffs a quantity of merchandize, which they shipped at Baltimore on the Leda, consigned to *Pardow* at New Orleans, the plaintiffs' agent.   The bill of lading was for, " thirty-three bales and twelve cases domestics," marked and numbered as in the margin, &c.   Four hundred and eighty-four feet is specified as the measurement in the bill of lading, and freight is stipulated at eighty cents per cubic foot.   At the foot of the bill of lading, over the signature of the master's agent, are the words, " contents unknown."   All the packages were duly delivered to the consignee except one.   It is in evidence, and this fact is not contested, that the case not delivered, instead of containing domestics, contained silk handkerchiefs of the description termed wax pongee and bandanna.   There is no evidence to show that the rate of freight would have been higher for this class of goods than for domestics; and the misdescription in the bill of lading does not appear to be attributable to any thing but an innocent mistake on the part of the shipper. At the trial of the case, the defendant took a bill of exceptions to the admission of testimony, to show that the particular case contained silk handkerchiefs and not domestics.

The argument here has been addressed to the question, whether the defendants can be held liable for the value of goods, not answering the description

contained in the bill of lading? We think the descriptive terms used in this bill of lading are not conclusive upon the parties. The object of the instrument was to embody the written acknowledgment of the receipt of a certain number of packages of merchandize, and the agreement to transport and deliver them to the party named. It was not essential that the contents of the packages should be stated; and the master must be considered as expressly declining to be bound as to the contents, by inserting at the foot of the bill of lading, " contents unknown." The packages were not opened, so that he could examine them ; and his undertaking was to deliver so many packages of certain marks and numbers.

Having failed to do this, he must answer for the value of the missing package, according to its actual contents. The rights of the parties should in this respect be reciprocal. Suppose the captain had been able to prove that the missing case contained articles of much less value, than those denominated " domestics :" it is very clear, that having signed " contents unknown," he would have been allowed to offer such proof, and, on establishing the fact, could not have been held as for the value of a case of domestics.

It must be observed that, in the present case, there is nothing to induce the the belief, either that the shippers intended to impose upon the carrier, or that the carrier's conduct was affected by the description. It is not pretended that a higher freight would have been charged, nor is there reason for believing that a knowledge of the real contents would have induced a greater watchfullness on the part of the carrier. Indeed, what the value of " domestics" is, and whether it might not equal that of the goods in question, the evidence does not inform us.

We wish our views with regard to the effect of the language of a bill of lading, to be considered as confined to the case before us. In cases such as those suggested in argument by the defendants' counsel, a description might have a material effect upon the rights of the parties. Thus, where a jettison is made of goods erroneously described in a bill of lading as of a paltry description, while in reality of a valuable kind, it might be questioned whether the general average should be assessed, according to the true character of the goods, because the misdiscription might have led the captain to select them for the jettison. Where the misdescription has injuriously affected the rights of others, it would seem just that its consequences should fall upon the party who had made it, even innocently. See Commentaire sur L'Ordonnance de la Marine, par Valin, avec des notes par Becane, liv. 3, tit. 2, § 2. Delvincourt, Insts. de Droit Commercial, vol. 2, p. 219. Gouget et Morget, Dic. du Droit, &c., *verbo* Connaissement. De Villeneuve & Massé, Dic. du Cont. Commercial, *verbo* Connaissement. Abbott on Shipping, Am. ed. 1846.

*Judgment affirmed.*